IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MELINDA HILL, | § | |
| Individually, and as Next Friend of | § | |
| AUSTIN MASSEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:11-cv-4499 |
| | § | |
| 1) BLACKPOWDER PRODUCTS, INC., | § | |
| and | § | |
| 2) CONNECTICUT VALLEY ARMS, INC., | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, MELINDA HILL, Individually, and as Next Friend of AUSTIN MASSEY ("MASSEY"), files this original complaint.

### A. Parties

1. Plaintiff, Melinda Hill, is an individual that is a citizen of the State of Texas, and is mother of Austin Massey, an individual that is a citizen of the State of Texas.

2. Defendant, Blackpowder Products, Inc., ("BPI"), is a corporation that is incorporated under the laws of the State of Georgia. Defendant has its principal place of business in the State of Georgia. Defendant does not have a registered agent for service of process in the State of Texas. Service of process on Defendant may be made according to the laws of the State of Texas by serving its agent, Dudley McGarity, at 1685 Boggs Road, Duluth, Georgia, 30096.

3. Defendant, Connecticut Valley Arms, Inc., ("CVA") is a corporation that is incorporated under the laws of the State of Georgia. Defendant has its principal place of business in the State of Georgia. Defendant does not have a registered agent for service of process in the

State of Texas. Service of process on Defendant may be made according to the laws of the State of Texas by serving its agent, Dudley McGarity, at 1685 Boggs Road, Duluth, Georgia, 30096.

**B. Jurisdiction**

4. The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because the Plaintiff and the Defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

**C. Venue**

5. Venue is proper in this district because a substantial part of the events or omissions giving rise to this claim occurred in this district. The product was purchased in new condition from a retailer located in this district, and the injuries to Massey occurred in this district.

**D. Conditions Precedent**

6. All conditions precedent have been performed or have occurred.

**E. Facts**

7. On the morning of December 25, 2010, 14-year-old Austin Massey tore the paper off of what was to be his biggest Christmas present of that day. The present, an unopened, new-in-the-box single shot CVA Wolf black powder rifle (Serial No. 61-13-041923-10), had been purchased by Austin's stepfather, Wendell Hill, from Gander Mountain in Spring, Texas in the weeks preceding Christmas of that year.

8. Three days after Christmas, Massey traveled with his family back from visiting relatives to their home in Coldspring, Texas where he could finally shoot his new rifle. Wendell Hill, also a resident of Texas and an avid hunter and user of firearms for over 45 years, helped Massey remove the rifle from its case. In a constant effort to teach responsibility with firearms, Wendell

Hill required Massey to sit down prior to his use of the rifle and watch the instructional DVD provided by CVA.

9. Following the DVD and a reading of the instructions, Wendell Hill assisted Massey in setting up a target and loading the rifle. Although it was not Massey's first time to use a firearm, it was Massey's first time to use a blackpowder rifle. Wendell Hill loaded the rifle in accordance with the instructions provided by CVA and placed the rifle in his stepson's hands.

10. As Massey took the rifle, grasping the buttstock with his right hand, the foregrip with his left hand, he placed his right cheek on the rifle and took a steady aim. Looking through his glasses, Massey could see his target approximately forty yards away aligned correctly in the iron sights mounted on the rifle. Massey breathed out and slowly squeezed the trigger. In an instant the gun exploded into pieces sending burning powder and shrapnel into Massey's face, neck, hands, and arms. Pieces of the barrel hurled past Wendell Hill who was standing just behind Massey. Massey dropped what was left of the rifle onto the ground, turning to Wendell Hill for help.

11. Melinda Hill, Massey's mother, had heard the explosion and came running out of their home to find her son with blood covering his face and a look of despair. Wendell and Melinda Hill immediately drove Massey to the closest emergency room where he was treated for his injuries.

12. As a result of his injuries, Massey has permanent scarring on his forearms, face, and hands. He is reluctant to operate firearms, a hobby enjoyed by his friends, family, and peers.

13. Prior to the explosion of the gun, Massey regularly enjoyed outdoor activities involving firearms, namely hunting, an activity he shared with others to whom he was close. Since the explosion, he has not been able to carry on any of those activities and is fearful of the use of any

firearm. Massey has experienced subsequent physical pain from his injuries, and currently suffers from mental anguish following the traumatic explosion. Despite his history of interest in firearms, Massey is unable to pursue that interest in fear of another similar incident. Even with encouragement from friends and family, he is unable to carry on the same level of enjoyment as other teenagers in the rural area in which he lives. Prior to the explosion, Massey had never witnessed or experienced a firearm accident of any kind

## F. Count 1 – Texas Products Liability Act

14. Plaintiff incorporates by reference the allegations contained in Paragraphs 1-13 above as though fully set forth herein and will further show as follows:

15. BPI and CVA are manufacturers and sellers of firearms and ammunition.

16. The actual design of the firearm manufactured by BPI and CVA was defective, causing the firearm not to function in a manner reasonably expected by an ordinary consumer of firearms or ammunition.

17. The defective design was a producing cause of the personal injury and property damage to Austin Massey.

18. The existence of the defective design in this case is not measured by a comparison of the benefits of the firearm or ammunition against the risk of personal injury, property damage, or death posed by its potential to cause such injury, damage, or death when discharged.

## G. Count 2 – DTPA Claim

19. Plaintiff incorporates by reference the allegations contained in Paragraphs 1-18 above as though fully set forth herein and will further show as follows:

20. Plaintiff is a consumer under the Deceptive Trade Practices Act (DTPA) because Plaintiff is an individual who acquired goods by purchase.

21. Defendants are corporations that can be sued under the DTPA.

22. Defendants violated the DTPA when Defendants represented that goods were of a particular standard, quality, or grade, and/or that goods were of a particular style or model, if they are of another. Specifically, Defendants represented that the CVA Wolf black powder rifle (Serial No. 61-13-041923-10) was fit for use, capable of being used in accordance with instructions provided with the rifle, when in fact the rifle was defective to a degree that led to it exploding on the first shot.

23. Plaintiff gave Defendants notice as required by Texas Business & Commerce Code section 17.505(a). Attached as Exhibit "A" and "B" are copies of the notice letters sent to BPI and CVA, respectively, which are incorporated by reference.

24. Defendant's wrongful conduct was a producing cause of Austin's injury.

## H. Damages

25. As a direct and proximate result of Defendants' conduct, Plaintiff suffered the following injuries and damages:

a. Medical expenses in the past and future.

b. Property damage.

c. Physical pain and mental anguish in the past and future.

d. Disfigurement in the past and future.

## I. Demand for Jury Trial

26. Plaintiff asserts her rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## J. Prayer

27. For these reasons, Plaintiff asks for judgment against Defendant for the following:

a. Actual damages within the jurisdictional limits of the Court.

b. Prejudgment and postjudgment interest.

c. Treble damages.

d. Attorney's fees.

e. Costs of suit.

f. All other relief the Court deems appropriate.

Respectfully submitted,

By: *<u>/s/ Chris Bell</u>*
**Chris Bell**
Texas Bar No. 00783631
Southern District Bar. No. 15848
The Kirby Mansion
2000 Smith Street
Houston, Texas 77002
chris@chrisbelllaw.com
(713) 752-2100 (Telephone)
(713) 752-2002 (Facsimile)

## **Certificate of Service**

This is to certify that on this 20th day of December, 2011, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the electronic records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants: